UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CASSIE L. CLIPSTON and ROBERT CLIPSTON,

       **Plaintiffs,**

 vs.              3:11-cv-55
                  (MAD/DEP)
JOHN J. HEINZE and ELOISE L. KEMMERLING,

       **Defendants.**
_____

APPEARANCES:         OF COUNSEL:

**OFFICE OF STEPHEN P. JOYCE**   **STEPHEN P. JOYCE, ESQ.**
26 North Main Street        **SAMANTHA HOLBROOK, ESQ.**
P.O. Box 705
Sherburne, New York 13460
Attorneys for Plaintiffs

**LEVENE, GOULDIN & THOMPSON, LLP** **DANIEL R. NORTON, ESQ.**
450 Plaza Drive
Vestal, New York 13850
Attorneys for Defendant Heinze

**BARTH SULLIVAN BEHR**     **JOSEPH W. SAVAGE, ESQ.**
224 Harrison Street
Syracuse, New York 13202
Attorneys for Defendant Kemmerling

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   Currently before the Court are (1) defendant Heinze's motion to dismiss the complaint and defendant Kemmerling's cross-claim pursuant to Rule 12(b)(2) for lack of personal jurisdiction; (2) defendant Kemmerling's motion for summary judgment asserting lack of personal jurisdiction; and (3) plaintiffs' cross-motion to transfer venue pursuant to 28 U.S.C. § 1406(a).

## II. BACKGROUND

Plaintiffs commenced this action on January 17, 2011, seeking damages for injuries suffered as a result of an automobile accident that occurred on July 14, 2009. The accident occurred on Interstate 83, outside of Swatara Township, Pennsylvania. Three vehicles were involved; one driven by plaintiff Cassie L. Clipston, one driven by defendant Kemmerling, and one driven by defendant Heinze.

Plaintiffs are domiciliaries of New York and reside in the City of Norwich. At the time of the accident and at all times since, defendant Heinze was a domiciliary of Boiling Springs, Pennsylvania and defendant Kemmerling was a domiciliary of Harrisburg, Pennsylvania. Neither defendant owns property in New York; nor do they derive income from New York.

## III. DISCUSSION

**A.      Defendant's motion to dismiss for lack of personal jurisdiction**

When served with a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (citation omitted). Prior to discovery and in the absence of an evidentiary hearing, a plaintiff may meet this burden "'by pleading in good faith . . . legally sufficient allegations of jurisdiction,' *i.e.*, by making a '*prima facie* showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), *cert. denied*, 498 U.S. 854, 111 S. Ct. 150, 112 L. Ed. 2d 116 (1990)) (other citations omitted); *see also Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citation omitted); *Rescuecom Corp. v. Hyams*, 477 F. Supp. 2d 522, 527-28 (N.D.N.Y. 2006) (citation omitted). A plaintiff can make this showing through its

2

own affidavits and supporting materials containing assertions of fact, which, if believed, would suffice to establish jurisdiction. *See Whitaker*, 261 F.3d at 208 (citations omitted). Finally, "[i]n the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Elecs. for Imaging*, 340 F.3d at 1349 (citations omitted).

Plaintiffs concede that the Court lacks personal jurisdiction over both defendants. *See* Dkt. No. 17-5 at 4; Dkt. No. 18-6 at 4. However, plaintiffs assert that, because the Court has subject matter jurisdiction and because the interest of justice so requires, the Court should transfer the action to the Middle District of Pennsylvania instead of dismissing for lack of personal jurisdiction.

In light of plaintiffs' concession, the Court will assume that it lacks personal jurisdiction. *See Maldonado v. Rogers*, 99 F. Supp. 2d 235, 239 (N.D.N.Y. 2000) (holding that the plaintiff could not exercise personal jurisdiction over the defendants under N.Y.C.P.L.R. § 302(a)(3) because the defendants were Massachusetts residents and the underlying accident occurred in Connecticut); *see also Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 158-59 (1st Dep't 1992) (holding that the plaintiff, a New York resident, could not exercise personal jurisdiction over the defendants under section 302(a)(3) because the defendants were non-New York domiciliaries, and the underlying accident occurred in South Carolina) (citations omitted). As such, the Court need only decide whether transfer of the action pursuant to section 1406 is proper as an alternative to dismissal.

**B.     Plaintiffs' motion to transfer venue**

Plaintiffs assert that the Court should not dismiss the action but should transfer it to the Middle District of Pennsylvania for several reasons.  Plaintiffs claim that jurisdiction and venue are proper in the Middle District of Pennsylvania because defendants reside there and because the accident occurred within its boundaries.  *See* Dkt. No. 18-6 at 5-6.  Moreover, plaintiffs claim that factors such as the convenience of the witnesses and parties, location of relevant documents, and the relative means of the parties all weigh in favor of transfer.  *See id.* at 6.  Finally, plaintiffs assert that the two-year statute of limitations will expire in July of 2011 and, therefore, the Court should transfer the action rather than dismiss without prejudice.  *See id.*

Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Section 1406 permits transfer even where the district court lacks personal jurisdiction over the defendants.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  "Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'"  *Id.* at 467 (quoting *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)).  However, transfer should not be granted where such "would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice." *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394-95 (2d Cir. 1992) (affirming dismissal of action where the plaintiff sought transfer of a time-barred action to another jurisdiction with a longer statute of limitations to permit adjudication of the suit on the merits, finding that "a statute of limitations is far from an elusive

fact unknown to a reasonable plaintiff [and] [t]he facts and circumstances underlying [plaintiff's] claim were plainly evident within New York's prescribed time frame"). Courts have "considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (citation omitted).

In the present matter, plaintiffs are correct that the interest of justice supports transfer rather than dismissal. Defendants do not dispute that the accident occurred in and that they are residents of the Middle District of Pennsylvania; and that, therefore, the Middle District of Pennsylvania is a proper venue and would have jurisdiction.[1] Moreover, the relevant documents and witnesses to the event are located in the Middle District of Pennsylvania. Further, unlike many of the cases relied upon by defendants, the statute of limitations has not run in either the transferor or transferee district; and, therefore, plaintiffs are not merely seeking to escape the trappings of a procedural bar of which they should have known. *See, e.g., Spar, Inc.*, 956 F.2d at 394-95. Defendants cannot claim prejudice as plaintiffs' motion to transfer venue was brought in less than four months after filing the complaint. Finally, since discovery has already commenced and the Pennsylvania statute of limitations has not yet run, all that dismissal would accomplish is additional delay in prosecuting this action. *See Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (holding that, although the petitioners' claims would still be timely if filed anew in the proper district, "a transfer would expedite their review, thereby furthering the interest of justice") (citations omitted).

---

[1] Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State;" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(a)(1)-(2). As such, venue is clearly proper in the Middle District of Pennsylvania because it is the situs of the accident and because both defendants reside there.

5

As such, the Court finds that the interest of justice favors transferring the case to the Middle District of Pennsylvania as opposed to dismissal without prejudice. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ( holding that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating'" (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that defendant Heinze's motion to dismiss for lack of personal jurisdiction (Dkt. No. 10) is **DENIED**; and the Court further

**ORDERS** that defendant Kemmerling's motion for summary judgment (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that plaintiffs' cross-motions to transfer venue (Dkt. Nos. 17 & 18) are **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall electronically transfer civil action 3:11-cv-55 to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406.

**IT IS SO ORDERED.**

Dated: May 17, 2011
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge